**PING TOU BIAN, Plaintiff–Appellant,**

v.

**Philip G. TAYLOR, M.D.,
Defendant–Appellee.**

**Docket No. 01–7144.**

United States Court of Appeals,
Second Circuit.

Dec. 17, 2001.

Ping Tou Bian, Parlin, NJ, pro se, for Appellant.

Christina J. Kazepis, Esq., Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY, for Appellee.

Present Hon. JOHN M. WALKER, JR., Chief Judge, Hon. DENNIS JACOBS, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Ping Tou Bian appeals from the January 29, 2001 order of the district court dismissing his complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

Appellant claims to have filed a complaint in February of 1998 in which he requested the prosecution of defendant-appellee Taylor for an alleged attack with a needle that took place on October 27, 1997, during a medical examination requested by the defendants in an unrelated personal injury suit.[1] Appellant made no request for damages in the February complaint or in a subsequent complaint filed in August of 1998 with the district court and the United States Attorney's Office. Appellant filed a complaint dated June 13, 1999, alleging that appellee assaulted him and requesting "exemplary damages" for injuries arising out of the alleged assault. Between August and December of 1999, appellant filed four more complaints *pro se* requesting damages for assault and battery. Appellant retained counsel and, in October of 2000, appellant filed an amended complaint written by counsel, the only counseled complaint in this case. On December 8, 2000, while still represented by counsel, appellant filed yet another amended complaint *pro se* without leave of court.

The district court found that the complaint filed by counsel dated October 5, 2000 abandoned the assault and battery claim and instead asserted claims based on medical malpractice. Counsel confirmed that she had abandoned the assault and battery claim because she believed that the statute of limitations for intentional torts had run. The district court did not discuss the December 8, 2000 complaint filed by appellant in his decision. In May 2001, this Court dismissed as frivolous the por-

---

1. The record in this case is unclear because the district court clerk's office filed appellant's complaints against appellee with the record in the personal injury suit. Thus, we are accepting appellant's assertions in determining the dates on which he filed the complaints he says were filed in February, 1998 and August, 1998.

tions of appellant's appeal relating to medical malpractice.

We review *de novo* the district court's grant of a motion to dismiss under rule 12(b)(6). *See Kalnit v. Eichler,* 264 F.3d 131, 137–38 (2d Cir.2001). Dismissal is not warranted unless "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

 The district court found that the counseled complaint dated October 5, 2000 abandoned the assault and battery claim and counsel confirmed this orally to the district court. It is well-established that "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Harris v. City of New York,* 186 F.3d 243, 249 (2d. Cir.1999) (quoting *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)); *see also Austin v. Ford Models, Inc.,* 149 F.3d 148, 155 (2d Cir.1998) (stating that abandonment of claim is a question of intent and that claims not made in amended complaint are waived).

Appellant claims that the complaint dated December 8, 2000, which was appellant's seventh complaint requesting a civil remedy, reasserted his assault and battery claim. Appellant failed to move to amend his complaint and filed the December 8, 2000 complaint without leave of court. However, under the Federal Rules of Civil Procedure, after the opposing party has submitted a responsive pleading, a plaintiff may amend the complaint *"only* by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a) (emphasis added). Thus, appellant could not reassert the assault and battery claim in the December 8, 2000 complaint.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.